BRYAN SCHRODER
United States Attorney

CHRISTINA SHERMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: christina.sherman@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>RONALD MCCURRY,<br><br>                Defendant. | No. 3:20-cr-00102-TMB-MMS<br><br>COUNTS 1-8:<br>THEFT AND EMBEZZLEMENT<br>FROM EMPLOYEE BENEFITS PLAN<br>  Vio. of 18 U.S.C. § 664 |

I N F O R M A T I O N

The United States Attorney charges that:

INTRODUCTION

At all times material to this Information:

1. The defendant, RONALD MCCURRY ("MCCURRY"), was a resident of Alaska and held an Alaska state insurance brokerage license.

2. MCCURRY was the sole shareholder and president of RJM Financial Corporation ("RJM").

3. MCCURRY also operated Alaska Employee Benefits Specialists ("AEBS") which provided insurance brokerage services.

4. The Afognak Native Corporation ("Afognak") was an Alaska Native Corporation established in 1977 for the benefit of the indigenous people of Afognak Island, an approximately 700 square miles located in the Kodiak Archipelago in the western Gulf of Alaska.

5. Alutiiq, LLC, ("Alutiiq") was established in 2001 and was wholly owned by Afognak; Alutiiq provided contracting services in the commercial and government sectors and was subject to the Service Contract Act.

6. The Service Contract Act ("SCA"), 41 U.S.C. §§ 701-707, mandates that general contractors and subcontractors performing work for the United States pay additional fringe benefits to their employees in addition to their base wages. Such benefits may include pension, flexible spending, or other employee benefits.

7. Alutiiq, through the Alutiiq, LLC Health & Welfare Plan ("the Plan"), provided both health insurance benefits to Alutiiq employees and a prevailing-wage fringe benefit for Alutiiq's SCA employees.

8. RJM and AEBS provided administrative services for the Plan.

BACKGROUND INFORMATION ABOUT ERISA

9. Title I of the Employee Retirement Income Security Act of 1974, 29

U.S.C. §§ 1001, *et seq.* (hereinafter "ERISA") established standards governing the operation of most private-sector employee benefit plans, including welfare benefit plans. Welfare benefit plans, such as the Alutiiq, LLC Health & Welfare Plan, may allow employees and/or their employers to make contributions to provide welfare benefits under the terms of the governing plan's documents. Generally, under ERISA, plan contributions and other assets must be held in trust.

10. When an employer contributes to a plan and it is placed in trust, the contribution becomes a "plan asset" and is the property of the plan (and not of the employer).

11. Under ERISA, a plan is governed by written instruments known as the "plan documents." The plan documents describe how and when an employee becomes eligible to participate in the plan, how the plan is to be funded, and the benefits to be provided by the plan. Plan documents also describe the roles and duties of the plan's fiduciaries.

## MCCURRY'S ROLE REGARDING THE PLAN

12. Pursuant to the RJM Financial Administrative Service Agreement, RJM and MCCURRY pledged to receive SCA contributions and post them to a trust account for the benefit of Plan participants.

13. From 2005 through 2016, RJM and defendant MCCURRY maintained one trust account at Savibank/Business Bank ("Trust Account"). The Trust Account received

SCA contributions for the Plan, in addition to COBRA premiums and healthcare premiums pursuant to RJM's insurance brokerage work performed for Alutiiq.

14. MCCURRY was the primary authorized signatory to the Trust Account and had sole authority to transfer funds to and from the Trust Account.

15. Between January 2016 and May 2016, MCCURRY diverted approximately $118,957.94 in the Plan's assets from the Trust Account for his personal use and for uses that did not benefit the Plan's participants.

## COUNTS 1 - 8

16. Paragraphs 1 through 15 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

17. On or about each of the dates below, within the District of Alaska and elsewhere, the defendant, RONALD MCCURRY, did willfully embezzle, steal, and unlawfully and willfully abstract and convert to his own use, in the approximate amounts described below in separate and distinct counts, the moneys, funds, securities, premiums, credits, property, and other assets of an employee welfare benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974.

| Count | Date | Amount | Method |
| --- | --- | --- | --- |
| 1 | January 21, 2016 | $23,854.00 | Check # 6651 |
| 2 | January 28, 2016 | $3,727.59 | Check # 6552 |
| 3 | February 19, 2016 | $3,324.75 | Check # 6553 |
| 4 | February 23, 2016 | $6,450.00 | Check # 6554 |

| Count | Date | Amount | Method |
|---|---|---|---|
| 5 | February 25, 2016 | $16,527.00 | Check # 6555 |
| 6 | March 23, 2016 | $28,774.60 | Internet Transfer |
| 7 | April 20, 2016 | $27,800.00 | Internet Transfer |
| 8 | May 19, 2016 | $8,500.00 | Transfer Withdrawal |

All of which is in violation of 18 U.S.C. § 664.

BRYAN SCHRODER
United States Attorney

*s/ Christina Sherman*
CHRISTINA SHERMAN
Assistant U.S. Attorney